# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| Travis Andrew Michel, | ) | |
|---|---|---|
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Capt. Lisa Wicks, | ) | Case No. 1:16-cv-390 |
| Defendant. | ) | |

The plaintiff, Travis Andrew Michel ("Michel") initiated the above-entitled action *pro se* on November 9, 2016, with the submission of an application to proceed *in forma pauperis*, which the court granted, and a complaint. On November 21, 2016, he filed notice of his consent to the undersigned. On December 19, 2016, Michel filed what the court construed as a motion to substitute Capt. Lisa Wicks in place of the Burleigh County Detention Center as the named defendant in this action. The court granted the motion. This matter is now before the court for initial review as mandated by 28 U.S. § 1915A.

## I. BACKGROUND

Michel was a pretrial detainee at the Burleigh County Detention Center when he initiated this action in November 2016. He asserts in his complaint that staff at the Burleigh County Detention Center opened legal mail outside of his presence. Specifically, he alleges:

> They (Jarod C.O) brought me my legal mail already opened. It was not opened in front of me. Nurse Amanda witnessed it and it is also on camera Sgt. Michael I talked to on Attorney Line. I also asked for a copy of grievance and not received one.

(Docket No. 5) (errors in original). He seeks to recover $250,000 in damages.

1

## II. STANDARD GOVERNING INITIAL REVIEW

The Prison Litigation Reform Act of 1995 ("PLRA") requires an initial court screening of all civil actions brought by prisoners that relate to prison conditions or that seek redress from a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The screening is required even when the prisoner has paid the filing fee. Lewis v. Estes, Case No. 00–1304, 242 F.3d 375 (table); 2000 WL 1673382, at *1 (8th Cir. Nov. 8, 2000) (unpublished *per curiam*). The purpose of the screening requirement is to weed out claims that clearly lack merit with the hope that this will help to lessen the burdens imposed by the ever-rising numbers of prisoner suits, which too often are frivolous and without merit. Jones v. Bock, 549 U.S. 199, 202-03 (2007); Woodford v. Ngo, 548 U.S. 81, 83-84 (2006). In conducting the screening, the court must dismiss a complaint or portion thereof if its claims are legally frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e (c)(1).

Neither 42 U.S.C. § 1983 nor the PLRA imposes any heightened pleading requirements. Jones v. Bock, 549 U.S. at 211-12. Consequently, in order to state a cognizable claim, the complaint need only meet the minimum requirements of Fed. R. Civ. P. 8(a)(2), which are that it contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (*per curiam*).

The court is obligated to construe a *pro se* complaint liberally and hold it to a less stringent standard than what normally would be required of attorneys. Id.; see also Federal Express Corp. v. Holowecki, 552 U.S. 389, 402 (2008). This does not mean that the court must accept everything or anything that is filed by *pro se* prisoners, however. In enacting the screening requirement, Congress

obviously expected it to be more than an a ritualistic exercise and that courts would only allow to go forward those claims that are cognizable, that seek relief from a non-immune party, and that are not obviously frivolous or malicious.

To meet the minimal pleading requirements of Rule 8(a)(2) for stating a cognizable claim, something more is required than simply expressing a desire for relief and declaring an entitlement to it. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 n.3 (2007). The complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. at 93 (quoting Bell Atlantic, 550 U.S. at 555). And, even though the complaint is to be liberally construed, it must also contain enough to satisfy Bell Atlantic's "plausibility standard." E.g., Ventura-Vera v. Dewitt, 417 F. App'x 591, 592, 2011 WL 2184269, *1 (8th Cir. 2011) (unpublished per curiam) (citing Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2007) for the appropriate post-Bell Atlantic standard); see also Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004) (*pro se* complaints must allege sufficient facts to state a claim). Complaints that offer nothing more than labels and conclusions or a formulaic recitation of the elements are not sufficient. Frivolous claims are those that are clearly baseless, fanciful, fantastic, or delusional. See Denton v. Hernandez, 504 U.S. 25, 32-34 (1992).

To state a cognizable claim under § 1983, a plaintiff must normally allege a violation of a right secured by the Constitution or the laws of the United States and that the alleged deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Walker v. Reed, 104 F.3d 156, 157 (8th Cir. 1997). Even under liberal pleading standards, a *pro se* litigant, at the very least, must invoke rights under the Constitution or federal law in order to plead a § 1983 claim. Walker v. Reed, 104 F.3d at 157-58.

3

Finally, even though the court is obligated to construe *pro se* complaints liberally, the court is not required to ignore facts that are pled by a prisoner when they undermine the prisoner's claim. The court may accept as true all facts pled in the complaint and conclude from them that there is no claim as a matter of law. E.g., Thompson v. Ill. Dep't of Prof'l Regulation, 300 F.3d 750, 753-54 (7th Cir. 2002) (citing other cases)

## III. DISCUSSION

Interference with legal mail implicates a prisoner's (1) right to court access, and (2) right to free speech as guaranteed by the First and Fourteenth Amendments to the U.S. Constitution. See Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003); Sallier v. Brooks, 343 F.3d 868, 873 (6th Cir. 2003). To state a cognizable court access claim, a prisoner must allege that he suffered an injury as a result of the defendant's actions. Turner v. Douglas, No. 1:06cv00058, 2007 WL 87628, at *1 (E.D. Ark. Jan. 10, 2007) (adopting a magistrate judge's recommended dismissal of a prisoner's claim on initial review); see also Thomsen v. Ross, 368 F. Supp.2d 961, 975 (D. Minn. 2005); Davis v. Goord, 320 F.3d at 351 (2d Cir. 2003). To state a cognizable First Amendment claim, a prisoner must allege an ongoing practice by prison officials of interfering with his mail or that he has otherwise suffered harm as a result of the interference. Davis v. Goord, 320 F.3d at 351 (2d Cir. 2003) ("Davis' allegations of two instances of mail interference are insufficient to state a claim for denial of access to the courts because Davis has not alleged that the interference with his mail either constituted an ongoing practice of unjustified censorship or caused him to miss court deadlines or in any way prejudiced his legal actions . . . . Similarly, Davis fails to state a constitutional claim for violating his right to send and receive legal mail because he alleges neither the establishment of an ongoing practice by prison officials of interfering with his mail nor any harm suffered by him from

4

the tampering." (internal citations and quotation marks omitted)); Lewis v. Cook County Bd. of Comm'rs, 6 Fed. App'x 428 (7th Cir. 2001) (affirming the dismissal on initial review of prisoner's First Amendment claim arising out of legal mail opened outside of his presence).

Michel's complaint is problematic in several respects. First, Michel does explicitly allege a violation of his First or Fourteenth Amendment rights. Second, he does not identify the source of the mail at issue; he simply asserts in conclusory fashion that legal mail was opened outside his presence. See Sallier v. Brooks, 343 F3d. at 873 ("Not all mail that a prisoner receives from a legal source will implicate constitutionally protected legal mail rights.). Such an assertion, absent more, is not enough to constitute the basis for a cognizable claim. The details of the alleged interference must be pled along with a description of the type of mail involved, since these facts are material to whether there is a constitutional violation that is actionable, as opposed to simply a violation of the Burleigh County Detention Center's mail policies, that is not - at least not in federal court. See, e.g., Moore v. Bertsch, No. 1:09-cv-027, 2009 WL 2150966, at *7 (D.N.D. July 13, 2009) (incoming letter from the state Department of Labor was not "legal mail" that had to be opened in prisoner's presence in order to preserve attorney-client confidences); Moore v. Hoeven, No. 1:08-cv-028, 2008 WL 1902451, at **9-12 (D.N.D. April 28, 2008) (failure to open mail from an innocence project, a school of law, the Federal Circuit Court of Appeals, and this court in the presence of the prisoner did not result in a constitutional violation because the mail did not contain attorney-client privileged information). Third, he does not claim to have suffered any prejudice as a result of the alleged conduct at issue. Finally, he provides no indication as to whether the alleged conduct at issue--the act of opening legal mail outside of his presence--was a one-time occurrence or a continuing practice.

5

**IV.    CONCLUSION**

As Michel is proceeding *pro se,* the court shall afford him an opportunity to file an amended complaint addressing the pleading deficiencies identified above.  Accordingly, Michel is **GRANTED** leave to file an amended complaint.  He shall file his amended complaint by February 13, 2017.  Failure to do may result in the summary dismissal of this action.

Dated this 30th day of January, 2017.

/s/ Charles S.  Miller, Jr.
Charles S.  Miller, Jr., Magistrate Judge
United States District Court